IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

STEVEN T. LESTER,

      Plaintiff,

v.                                                    Civil Action No. 5:15-cv-02634

CAROLYN W. COLVIN, Commissioner
Social Security Administration,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDATIONS

Presently pending before this Court are Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 10), the Commissioner's Brief in Support of Defendant's Decision (ECF No. 11) and Plaintiff's Response in Opposition (ECF No. 12).

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. By Order entered March 18, 2015, this case was referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit Proposed Findings of Fact and Recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF No. 4).

Background

Steven T. Lester (Claimant) filed applications for SSI and DIB on October 12, 2011, alleging disability as of October 6, 2011. The claims were denied initially on January 11, 2012, and upon reconsideration on May 18, 2012. On June 8, 2012, Claimant requested a hearing before an Administrative Law Judge (ALJ). A video hearing was held on September 6, 2013. Claimant appeared in Bluefield, West Virginia, and the ALJ presided over the hearing from Roanoke, Virginia. By decision dated September 30, 2013, the ALJ determined that Claimant was not entitled to benefits (Tr. at 79-89). The ALJ's decision became the final decision of the Commissioner on January 7, 2015, when the Appeals Council denied Claimant's request for review (Tr. at 1-5).

The Order of Appeals Council dated January 7, 2015, stated:

> The Appeals Council has received additional evidence which it is making part of the record. That evidence consists of the following exhibits:

| Exhibit 12E | Brief from Attorney Jan Dils dated November 12, 2013. |
| Exhibit 39F | Records from Southern Highlands dated September 26, 2013. |

The Notice of Appeals Council discussed additional evidence submitted by Claimant that the Appeals Council did not admit into evidence. Claimant argues the additional evidence is new and material (ECF No. 10). Defendant asserts that Claimant has failed to meet his burden to demonstrate the additional evidence is new and material (ECF No. 11). As this Proposed Finding and Recommendations respectfully recommends the District Judge remand this matter based on the Administrative Law Judge's failure to give specific reasons for the weight afforded medical source opinions, a discussion and analysis on the whether the additional evidence submitted to the

2

Appeals Council is new and material is not addressed at this time.

Subsequently, Claimant filed the present action seeking judicial review of the administrative decision on March 6, 2015, pursuant to 42 U.S.C. § 405(g) (ECF No. 2.)

<u>Standard of Review</u>

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(I), a claimant for disability benefits has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2014). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant

is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2014). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since the alleged onset date of October 6, 2011, and meets the insured status requirements of the Social Security Act through December 31, 2015 (Tr. at 81). Under the second inquiry, the ALJ found that Claimant suffers from: the severe impairments of lumbar degenerative disease; cervical degenerative disease, status-post C5-6 anterior cervical discectomy and fusion; occipital neuralgia; depressive disorder; and panic disorder without agoraphobia. (*Id.*) At the third inquiry, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled the level of severity of any listing in Appendix 1 (Tr. at 82). The ALJ then found that Claimant has a residual functional capacity to perform light work[1] (Tr. at 84). The ALJ concluded that Claimant could not perform past relevant work but could perform work as a cleaner, cafeteria attendant and convenience store clerk (Tr. at 88). On this basis, benefits were denied (Tr. at 89).

<u>Scope of Review</u>

The sole issue before this court is whether the final decision of the Commissioner denying

---

[1] The ALJ found that Claimant can perform light work except occasional climbing; unlimited balancing; occasional stopping; unlimited kneeling; occasional crouching; never drawling; avoid concentrated exposure to extreme cold, wetness, vibration and hazards; and limited to 1-2 step job instructions (Tr. at 84).

the claim is supported by substantial evidence.  In *Blalock v. Richardson*, substantial evidence was

defined as:

> Evidence which a reasoning mind would accept as sufficient to
> support a particular conclusion. It consists of more than a mere
> scintilla of evidence but may be somewhat less than a
> preponderance. If there is evidence to justify a refusal to direct a
> verdict were the case before a jury, then there is "substantial
> evidence."

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d

640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving

conflicts in the evidence.  *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990).  Nevertheless,

the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize

the record as a whole to determine whether the conclusions reached are rational."  *Oppenheim v.

Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not

supported by substantial evidence.

### Claimant's Background

Claimant was born on September 22, 1963.  He has a high school diploma (Tr. at 99).

Claimant lives with his wife, their 5 children and 3 grandchildren (Tr. at 105-106).

### Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the ALJ failed to comply with the "treating physician's rule" by not

considering the factors under 20 C.F.R. § 404.1527 to evaluate medical opinions (ECF No. 10).

Claimant argues that the ALJ failed to give sufficient reasons for the weight afforded to medical

source opinions.   Claimant avers that the ALJ's failure to comply resulted in "a deficient RFC

assessment and Step Five decision that are not supported by substantial evidence." (*Id.*)  Also,

5

Claimant argues that the new evidence submitted to the Appeals Council (AC) from his treating physician warrants remand.  Defendant asserts that Claimant failed to prove that the new evidence submitted to the AC is new and material (ECF No. 11).  Additionally, Defendant asserts that the ALJ followed the controlling regulations in evaluating the opinion evidence.

<u>Medical Record</u>

This Court will only discuss, *infra,* relevant medical records pertaining to the issue of evaluating medical opinions.

<u>Discussion</u>

It is not the role of the Court to search for evidence and articulate for the ALJ's decision which the ALJ himself did not articulate.  *See Rhinehardt v. Colvin*, No. 4:12-CV-101-D, 2013 U.S. Dist. LEXIS 75948, 2013 WL 2382303, *2 (E.D.N.C. May 30, 2013) (citation omitted) ("If the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is deficient."); *Tanner v. Astrue*, C/A No. 2:10-1750-JFA, 2011 U.S. Dist. LEXIS 105731, 2011 WL 4368547, *4 (D.S.C. Sept. 19, 2011) (stating "if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ").  In *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013), the Fourth Circuit stated that a necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling.  "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'"  *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 84 L. Ed 2d 643 (1985)).

While the ALJ is required to weigh the relevant medical opinions, he "need not discuss every shred of evidence in the record," and is under no duty to explicitly refer to each exhibit. *Reynolds v. Colvin*, 2014 WL 2852242, at *21 (S.D. W.Va. Aug 19, 2014), *adopted by* 2014 WL 4852250 (S.D. W.Va. September 29, 2014; *McGrady v. Astrue*, 2011 WL 4828884, at *20 (N.D. W.Va. September 16, 2011) (quoting *Mays v. Barnhart*, 227 F. Supp. 2d 443, 448 (E.D. Pa. 2002), *aff'd* 78 F. App'x 808 (3d Cir. Oct. 27, 2003)) ("[t]he ALJ is not required to give an exhaustive discussion of all the exhibits. 'Consideration of all the evidence does not mean that the ALJ must explicitly refer to each and every exhibit in the record.'").

In evaluating the opinions of treating sources, the Commissioner generally must give more weight to the opinion of a treating physician because the physician is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. *See* 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) (2015). Nevertheless, a treating physician's opinion is afforded "controlling weight only if two conditions are met: (1) that it is supported by clinical and laboratory diagnostic techniques and (2) that it is not inconsistent with other substantial evidence." *Ward v. Chater*, 924 F. Supp. 53, 55 (W.D. Va. 1996); *see also*, 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) (2015). The opinion of a treating physician must be weighed against the record as a whole when determining eligibility for benefits. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) (2015). Ultimately, it is the responsibility of the Commissioner, not the court to review the case, make findings of fact, and resolve conflicts of evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). As noted above, however, the court must not abdicate its duty to scrutinize the record as a whole to determine whether the Commissioner's conclusions are rational. *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1994).

If the ALJ determines that a treating physician's opinion should not be afforded controlling weight, the ALJ must then analyze and weigh all the evidence of record, taking into account the factors listed in 20 C.F.R. §§ 404.1527 and 416.927(d)(2)-(6).  These factors include: (1) Length of the treatment relationship and frequency of evaluation, (2) Nature and extent of the treatment relationship, (3) Supportability, (4) Consistency, (5) Specialization, and (6) various other factors.  Additionally, the regulations state that the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." *Id.* §§ 404.1527(d)(2), 416.927(d)(2).

The ALJ gave Claimant's pain management physician, Andrew Thymius, D.O. "little weight" finding "it is unsupported by the doctor's own physical examination findings and inconsistent with the record as a whole" (Tr. at 86).  Dr. Thymius' only specific physical examination finding discussed by the ALJ was that "the claimant should not lift anything heavier than 10 pounds." (*Id.*)  Although the ALJ is not required to give Dr. Thymius' opinion controlling weight, the ALJ failed to analyze and weigh the evidence of record pursuant to the 6 factors listed in  20 C.F.R. §§ 404.1527 and 416.927.  The record contains 14 pages of medical records from April 16, 2012, through August 28, 2012, by Dr. Thymius (Tr. at 583-596).  Included in these medical records are Dr. Thymius' recommendation and referral for Claimant to receive lumbar stenosis as treatment for back and leg pain.  (*Id.*)  The medical records also discuss Dr. Thymius treating Claimant's pain with an epidural steroid injection (Tr. at 592-593). Dr. Thymius' treatment notes state:

> This patient has failed conservative treatment of their lumbar/radicular pain which includes Physical Therapy, heat, ice, rest, anti-inflammatory medications as well as analgesics.  Imaging of the lumbar spine reveals disc pathology resulting in nerve root

irritations/compression (Tr. at 590).

Additionally, the ALJ failed to "include a narrative discussion describing how the evidence supports each conclusion" concerning the weight given to Claimant's treating physician.  See *Monroe v. Colvin*, No. 15-1098 (4th Cir. June 16, 2016) (citing *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015)).  Like in *Mascio*, the ALJ in the present case did not specify what physical examination findings by Dr. Thymius were "inconsistent with the record as a whole" (Tr. at 86).  As such, the analysis is incomplete.  Without more specific explanation of the ALJ's reasons for the weight assigned medical opinions, a court cannot undertake meaningful substantial evidence review.  See *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013).

Therefore, the undersigned respectfully recommends that the District Judge find that the ALJ's medical opinions analysis is not supported by substantial evidence of record.  This Court makes no recommendation as to Claimant's remaining arguments.  These issues may be addressed on remand. The undersigned recommends that the presiding District Judge remand this matter for further analysis and consideration.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Plaintiff's Brief in Support of Motion for Judgment on the Pleadings (ECF No. 10) to the extent Plaintiff seeks remand, **DENY** the Defendant's Motion for Judgment on the Pleadings (ECF No. 11), **REVERSE** the final decision of the Commissioner, and **REMAND** this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger.  Pursuant to the provisions

9

of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter:  August 2, 2016

Dwane L. Tinsley
United States Magistrate Judge

10